

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 7, 2019**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BRUCE H. BEAL and | § | CASE NO. 19-50053-rlj13 |
| KAREN L. BEAL, | § | |
| | § | |
| Debtors. | § | |

## MEMORANDUM OPINION AND ORDER ON OBJECTION TO THE CLAIM OF SANTANDER CONSUMER USA INC.

On August 21, 2019, hearing was held on the Debtors' Objection to Claim of Santander Consumer USA [Doc. No. 40]. Santander filed no response to the objection and, though duly notified in accordance with the Federal Rules of Bankruptcy Procedure, made no appearance at the hearing. The allegations of the debtors' objection to the claim of Santander are thus deemed admitted. And the debtors are entitled to the relief requested—the reduction of Santander's claim by the principal amount of $3,900, plus interest charged on such amount.

The Court notes further that the requested relief is warranted under the so-called "Holder Rule." In 1975, the Federal Trade Commission (FTC) promulgated the Holder Rule, which requires sellers to include language in consumer credit contracts that preserves a consumer's

defenses and claims.[1] Preservation of Consumers' Claims and Defenses, 40 Fed. Reg. 53506 (Nov. 18, 1975). Under the Holder Rule, consumers can "(1) defend a creditor suit for payment of an obligation by raising a valid claim against the seller as a setoff, and (2) maintain an affirmative action against a creditor who has received payments for a return of monies paid on account." *Id*. at 53524. The Fifth Circuit has adopted the view that the first legal remedy is also available against assignees. *Green v. Levis Motors, Inc.*, 179 F.3d 286, 296 (5th Cir. 1999); *see also Cooper v. RepublicBank Garland*, 696 S.W.2d 629, 632 (Tex. App.—Dallas 1985, no writ) (stating that a consumer credit contract containing the FTC Holder Rule language granted the buyer the right to assert against the seller as well as any holder of the contract "all claims and defenses arising out of the sale"). The purpose of this language is meant to "protect consumers from the advantages that accrue to holders in due course by shifting the risk of a seller's nonperformance to sales contract holders." *Lam v. Travel Am., Inc. (In re Thousand Adventures, Inc.)*, No. 99-99177, 2000 WL 35798578, at *5 (Bankr. S.D. Iowa June 21, 2000). This is because the assignee who finances the seller's paper is in a better position than the consumer to prevent seller misconduct in the first place and to transfer back to the seller the costs of any seller misconduct. *See* 40 Fed. Reg. at 53523; Michael Greenfield & Nina Ross, *Limits on a Consumer's Ability to Assert Claims and Defenses Under the FTC's Holder in Due Course Rule*, 46 BUS. LAW. 1135 (1991). There are several limitations to this protection. An assignee may not be held liable for truth in lending faults unless they are apparent on their face, and a consumer may not recover more than the contract price. *See, e.g., id.*

---

[1] "ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER." 16 C.F.R. § 433.2(a).

In a Texas case, the court held the note holder liable to the consumer for actual damages under the FTC Holder Rule. In *Shelter America Corp. v. Edwards*, the Edwardses had traded in their old mobile home to reduce the purchase price of a new mobile home. *Shelter Am. Corp. v. Edwards*, No. 01-87-00073, 1987 WL 15036, at *1 (Tex. App.—Houston [1st Dist.] July 30, 1987, no writ) (mem. op., not designated for publication). The sellers represented to the Edwardses that they would satisfy the secured debt on the old mobile home as a part of the trade-in. Later, when the sellers had not paid off the pre-existing lien, the mobile home was repossessed. The Edwardses were then held liable in a deficiency judgment for the old mobile home to their former secured creditor. The Edwardses sued the sellers and Shelter America, the "present holder of the negotiable instrument which is secured by the new mobile home" purchased from the sellers. *Id.* at *1. The note contained the FTC Holder Rule language. While the court held that Shelter America was not liable for the deceptive acts of the sellers under Texas law, Shelter America was subject to derivative liability for claims against the sellers under the FTC Holder Rule. *Id.* at *3. The Edwardses were able to recover the money that they had paid Shelter America under the contract to satisfy the actual damages suffered by the Edwardses for the sellers' failure to pay off the lien. *Id.*[2]

The facts here are similar to the facts in *Shelter America*. The debtors traded-in their 2008 Nissan Armada to Reagor Auto Mall (RAM) to reduce the purchase price of a 2016 Jeep Cherokee. Under the retail installment contract with RAM, the gross trade-in value for the Nissan was $6,000, but it secured a pre-existing lien with a payoff amount of $3,900 that the Beals owed Americredit Financial Services, Inc. Ex. D-1. The contract states that RAM, as

---

[2] A more recent case, although not in Texas, reached a similar result. *Allen-Morris v. Nicholas Fin., Inc. (In re Allen-Morris)*, 523 B.R. 532, 538 (E.D. Mich. 2014) (holding that a dealership installment sales contract assigned to a financial institution permitted a consumer to assert any defense against the financial institution, even though the complained-of actions were taken by the dealer).

3

seller, satisfied the payoff, leaving a net trade-in of $2,100. *Id*. The contract is dated July 19, 2018, and was assigned to Santander the same day. The contract contains the FTC Holder Rule language.

RAM did not pay the $3,900 owed on the trade-in as it was required to do under the contract. In November of 2018, RAM filed for Chapter 11 Bankruptcy. On March 4, 2019, the Beals filed their joint chapter 13 bankruptcy. During the course of the bankruptcy proceedings, the secured creditor on the Nissan Armada, Americredit, filed a claim against the Beals for the unpaid lien on the car. While the Beals no doubt have a claim against RAM for its failure to pay the trade-in's lien, they may also, under the Holder Rule, hold Santander liable for actual damages caused by RAM's failure. Americredit's claim, per *its* proof of clam, is $3,625.55. Santander, the assignee, filed its proof of claim asserting a secured claim of $16,703.18.

The FTC Holder Rule protects consumers from being legally obligated to pay a creditor-assignee like Santander to the extent of damages caused by the *seller's* "breach of warranty, misrepresentation, or even fraud . . . ." *Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1062 (9th Cir. 2013) (Pregerson, J., dissenting) (citing 40 Fed. Reg. at 53507). Under the FTC Holder Rule and case law, the Beals may set-off the $3,900 that RAM failed to pay to satisfy Santander's secured claim.

It is, therefore,

ORDERED that the debtors' objection to the claim of Santander Consumer USA Inc. be reduced by the principal amount of $3,900.00, together with the interest charged on the $3,900.00.

### End of Memorandum Opinion and Order ###